**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 19-3509

_____

**UNITED STATES OF AMERICA**

**Plaintiff/Respondent**

**V.**

**REINALDO RODRIGUEZ,**

**Defendant/Appellant**

**Appeal from the United States District Court**

**for the District of New Jersey**

**Docket No. 2-18-cr-00142-001**

**Honorable Susan D. Wigenton, U.S.D.J.**

_____

_____

**BRIEF FOR APPELLANT**

_____

Law Office of John P. McGovern, Esq.
Attorney for Appellant,
Reinaldo Rodriguez
116 Washington Street, Suite 2C
Newark, New Jersey 07102
(973) 313-1500

# **TABLE OF CONTENTS**

**STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION**……………………………………………………… 3

**ISSUES ON APPEAL**……………………………………………………. 3

**STATEMENT OF RELATED CASES AND PROCEEDINGS**…………… 4

**STATEMENT OF THE CASE**…………………………………………. 4

**STATEMENT OF FACTS**……………………………………………… 6

**STANDARD OF REVIEW**……………………………………………… 7

**ARGUMENTS**…………………………………………………………… 7

    I.    The Court Erred By Permitting The Government To Introduce Evidence Of Defendant's Past Convictions……………………….. 7

    II.    The Government's Presentation Of Evidence Rested Upon An Incorrect Understanding Of The Offense………………………….. 10

    III.    The Governments Persistent And Prejudicial Name Calling Was Substantial Warranting A New Trial……………………………… 12

**CONCLUSION**…………………………………………………………. 14

# TABLE OF AUTHORITIES

**Statutes**

18 U.S.C § 3231……………………………………………………………… 3
28 U.S.C. § 1291……………………………………………………………... 3
18 U.S.C. § 3742 …………………………………………………………...3

**Cases**
*United States v. Sampson*, 980 F.2d 883, 886 (3d. Cir. 1992)………………….. 8, 9
*United States v. Lopez*, 635 Fed.Appx. 49 (3d Cir. 2015)……………………… 8
*United States v. Davis*, 726 F.3d 434, 440 (3d. Cir. 2013)……………………... 9
*Anthony v. Rowe*, 919 F.3d 752, 760 (3d Cir. 2019)…………………………… 10
*United States v. Crippen*, 459 F.2d 1387, 1388 (3d Cir. 1972)………………… 10
*United States v. Morena*, 547 F.3d 191, 194 (3d Cir. 2008)……………………. 12
*United States v. Young*, 470 U.S. 1, 7 (1985)…………………………………… 12
*United states v. Vaghari*, 500 fed. App'x 139, 144 (3d Cir. 2012)………………12
*United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010)……………………….. 13

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court for the District of New Jersey had subject matter jurisdiction in this matter pursuant to 18 U.S.C § 3231. The United State Court of Appeals for the Third Circuit has appellate jurisdiction in this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

# ISSUES ON APPEAL

First, whether the District Court erred in allowing the Government to introduce evidence of Defendant's past convictions to show Defendant intended to distribute a controlled dangerous substance, knowingly participated in a conspiracy to do so, and knowingly possessed a controlled dangerous substance in the present case.

Second, whether the Government's presentation of evidence rested upon an incorrect understanding of the offense, according to recent case law precedent.

Third, the Government's persistent use of the name "Killa" when referring to the Defendant was prejudicial and damaging.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Mr. Rodriguez is aware of no cases or proceedings related to this appeal.

## STATEMENT OF THE CASE

On March 23, 2019, Appellant was charged in an Indictment with Count 1: Conspiracy to Distribute Heroin in violation of 21 U.S.C § 846, Count 2: Distribution of Heroin, Marijuana, and Morphine in violation of 21 U.S.C § 841(a)(1) and (b)(1)(C), Count 3: Felon in Possession of a Firearm in violation of 18 U.S.C § 922(g)(1), Count 4: Possession of a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C § 924(c)(1)(A)(i). (App. Vol. I (b) p. 839-844).

On or about April 26, 2019 Mr. Rodriguez was found not guilty on counts 3 and 4 of the superseding indictment and was discharged as to such count(s). (App. Vol. I (b) p. 782-786). Mr. Rodriguez was found guilty of one count of conspiracy to possess and distribute 1 kilogram or more of heroin, and one count of possession with intent to distribute heroin. *Id*. On October 24, 2019, the Court sentenced Appellant to a term of 300 months on each of the Count(s) One and Two to be

served concurrently. (App. Vol. I (b) p. 787-820). Appellant filed a Notice of Appeal on October 23, 2019. (App. Vol. I (b) p. 780-781).

## STATEMENT OF FACTS

On August 5, 2011, Defendant was convicted of distribution of a controlled dangerous substance within 1000 feet of school property and 500 feet of a public housing facility, park, or building. The Government had this conviction admitted into evidence which, even with a limiting instruction, was substantially prejudicial to Defendant due to its similarity to the crimes accused in the case at bar. (App. Vol. I (b) p. 844-849).

The presentence report alleges during the course of the conspiracy that Reinaldo Rodriguez received heroin "approximately 1 or 2 times per week, 100 bricks at a time." (Pre-Sentence Report, p. 16). Then it continues on to make a conservative estimate of 1200 bricks per month. *Id*. 1200 bricks per month is not even a liberal estimate if Rodriguez was receiving 100 to 200 bricks a week, as the report alleges. Information within the presentence report conflicts with itself. Furthermore, the Government never proved that Mr. Rodriguez was ever in possession of 1000 grams or more at one time during the course of the alleged conspiracy.

Lastly, during the course of the trial the Government frequently referred to Mr. Rodriguez as "Killa" more than was necessary to establish the moniker as his nickname, causing considerable prejudice to Defendant.

## STANDARD OF REVIEW

This Court reviews the District Court's allowance of the admission into evidence of Rodriguez's prior conviction for drug possession initially upon plenary review. See *United States v. Caldwell*, 760 F.3d 267 (3rd Cir. 2014).

This Court Review the District Court's denial of a motion for acquittal de novo. See *United States v. Jimenez*, 513 F.3d 62 (3rd Cir. 2008).

## SUMMARY OF ARGUMENT

The District Court erred in approving Defendant's past convictions to be used as evidence of Defendant's intent. The introduction of the evidence had a highly prejudicial effect that far outweighed its probative value.

Additionally, the Government fails to show that Defendant possessed atleast 1000-grams of heroin at a single time with intent to distribute.

Lastly, frequent use of the nickname "Killa" to reference the Defendant throughout the course of the trial was persistent, excessive, and significantly prejudicial.

## **ARGUMENTS**

I. THE COURT ERRED BY PERMITTING THE GOVERNMENT TO INTRODUCE EVIDENCE OF DEFENDANT'S PAST CONVICTIONS

Mr. Rodriguez's counsel not only objected to the Government's proposed instruction on the 404(b) factors, but strongly opposed the introduction of Defendant's previous convictions entirely. During the trial the Court permitted evidence of Defendant's past crimes and wrongdoings. (*See.,* App. Vol. I (b) p. 844-849).  Specifically, the existence of a prior felony conviction relating to the distribution of a controlled dangerous substance. The offense in Defendant's prior conviction and the crimes he is now being accused of committing are very similar and thus creates a strong likelihood of significant prejudice when permitted into evidence for the jury to consider.

First, the Government sought to prove that Mr. Rodriguez intended to distribute the heroin recovered from his bedroom, and that he conspired with others to do it by linking those allegations to his prior conviction. This violates the entire purpose of the rule. Rule 404(b) provides that "[e]vidence of a crime, wrong, or

other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

> This rule reflects the longstanding concern that evidence of prior bad acts, when offered only to show the defendant's propensity to commit the charged crime, is said to weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge.
>
> [Caldwell, 760 F.3d at 275 (citing United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (internal quotations omitted).]

While the Government claims this is simply an issue of showing intent, it is both highly prejudicial, and needlessly cumulative if Mr. Rodriguez's felony status is already established. To use this to show intent clearly violates Rule 404(b) as its prejudicial effect on the jury far outweighs its probative value. Second, the Government intends to use the prior bad act to show that Mr. Rodriguez's possession of the heroin and participation in the conspiracy was no mistake/accident, despite no such evidence being raised. Once more the Government is simply disguising a clearly propensity purpose cloaked by an irrelevant exception to the rule.

In *United States v. Lopez*, 635 Fed.Appx. 49 (3d Cir. 2015), the Third Circuit held that the district court did not abuse its discretion in granting the

narcotics defendant's motion for a new trial based on the erroneous admission of prior bad acts evidence.

The Lopez court cited Rule 404(b):

In recognition of the fact that a jury might place undue weight and evidence on past wrongs, American courts have long excluded it. *United States v. Davis*, 726 F.3d 434, 440 (3d. Cir. 2013). "The risk is that jurors will focus on evidence of prior acts, believing that someone with a criminal record cannot change and discounting any evidence to the contrary." *Id*. at 441. The Government is well aware of this, as is the Defense. "Although the government will hardly admit it, the reasons proffered to admit prior bad act evidence may often be [a facade], because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character." *United States v. Sampson*, 980 F.2d 883, 886 (3d. Cir. 1992).

In essence, this was the unauthorized introduction of other crimes or bad acts evidence to show propensity. Rule 404(b) explicitly forbids this use of evidence. Here, that was the effect such evidence had. It created the possibility in the minds of the jury that if Appellant had a previously been convicted of drug related crimes in the past, he likely to acted in accordance with the character associated with such a conviction. For the forgoing reasons and authorities cited, Defendant's conviction must be reversed, and a new trial ordered.

10

II. THE GOVERNMENT'S PRESENTATION OF EVIDENCE RESTED UPON AN INCORRECT UNDERSTANDING OF THE OFFENSE.

According to recent case law precedent, the jurors were not adequately instructed as to what evidence they can consider, how to consider it, and the relevant legal principles. Had there been adequate instruction, no rational juror would have found Defendant guilty beyond a reasonable doubt. Defense specifically contends that the Government has failed to prove that he distributed or possessed 1000 grams or more of heroin in a single unit. *United States v. Anthony Rowe* established that when charged with distribution, the Government cannot combine weights from multiple distribution and discontinuous possessions during an indictment period. *Anthony v. Rowe*, 919 F.3d 752, 760 (3d Cir. 2019). Weight from multiple distributions can be combined if Defendant is charged with possession with intent to distribute, a continuing offense. Id. Possession with intent to distribute is actual or constructive possession over a controlled substance. *United States v. Crippen*, 459 F.2d 1387, 1388 (3d Cir. 1972). The Court concluded that "possession of 1000 grams of heroin begins when a defendant has the power and intention to exercise dominion and control over all 1000 grams, and ends when his possession is interrupted by a complete dispossession or be a reduction of that quantity to less than 1000 grams". Rowe, 919 F.3d at 752.

In the case at bar, Government Exhibit 200-A is corroborated by testimony of law enforcement, but even when combined, both fail to display a connection between the Defendant's discrete distributions and possessions and one occurrence of possession of 1000 grams of heroin. (App. Vol. I (b) p. 842-843). The Government's theory was that all of the numbers mentioned in the text messages and calls referred to heroin the Defendant distributed during the indictment period. Yet, despite their obvious evidentiary value, the texts and calls lacked information concerning whether or not the Defendant or any co-conspirators sold or possessed a 1000-gram quantity at least once. Furthermore, testimony about the amount of heroin that dealers generally would be able to access is insufficient to support a finding that the Defendant had conspired to possess or distribute 1000 grams of heroin at any particular time. Rowe, 919 F.3d at 761. Without details concerning the amounts within the Defendant's possession during these transactions, a rational juror would only have been able to speculate about whether the Defendant possessed a quantity of at least 1000 grams at one time during the indictment period.

All the evidence-including controlled buy, law enforcement's testimony, and the intercepted calls and texts-was insufficient, even in light most favorable to the Government, to allow a rational juror to find that Defendant conspired to posses or distribute or had consecutive possession of at least 1000 grams of heroin at a single

time with intent to distribute it. Accordingly, Mr. Rodriguez submits that the District Court erred in denying his motion for Judgment of Acquittal.

### III. THE GOVERNMENTS PERSISTENT AND PREJUDICIAL NAME CALLING WAS SUBSTANTIAL WARRANTING A NEW TRIAL.

The Government throughout the trial engaged in repeated name calling when using the nickname "Killa" to repeatedly refer to the Defendant. (*See.,* App. Vol. 1. p. 18, 20, 108, 146, 149, 219, 223; Vol.1(a), p. 620, 721, 722, 730, 745, 748, 755). The references in this case were voluminous, persistent, and extremely prejudicial, particularly in the context of the charges presented. Those references so infected the trial with unfairness as to make the resulting conviction a denial of due process in light of the entire proceeding. *United States v. Morena*, 547 F.3d 191, 194 (3d Cir. 2008). It is well-established that "the adversary system permits the prosecutor to prosecute with earnestness and vigor" but bars "overzealous conduct." *United States v. Young*, 470 U.S. 1, 7 (1985), *see also United states v. Vaghari*, 500 fed. App'x 139, 144 (3d Cir. 2012). The Court should not be satisfied that the Government acted properly. In one instance, against objections from the Defense, the Government played a short phone call recording between Defendant and his girlfriend arguing about their relationship, in which Defendant says, "-my name ain't Killa for nothing". (App. Vol. I (a) p. 145). Playing this recording had no

relation to the charges in the present case and could serve no other purpose than to significantly prejudice the jury against the Defendant.

"The type of counsel misconduct that warrants granting a new trial is not generally a single isolated inappropriate comment, but rather repeated conduct that permeates the trial. *United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010). The Government references Appellant as "Killa" at least 15 times during the trial. This is precisely the type of repeated conduct that "permeated" the trial and warrants a new trial. *See* Riley, 621 F.3d at 339 (3d Cir. 2010).

## **CONCLUSION**

For the foregoing reasons and authorities cited, this Court should reverse Appellant Reinaldo Rodriguez's conviction and order a new trial as to each count.


Dated: May 12, 2020

/s/ JOHN P. MCGOVERN

John P. McGovern, Esq.

## CERTIFICATION OF BAR MEMBERSHIP

I, John P. McGovern, Esquire, hereby certify that I have been admitted before the bar of the United States Court of Appeals for the Third Circuit and that I am a member in good standing of the Court.

Dated: May 12, 2020

/s/ JOHN P. MCGOVERN

John P. McGovern, Esq.

## CERTIFICATION OF COMPLIANCE

I, John P. McGovern, Esquire, hereby certify that:

1. This Brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this Brief contains 2077 words, excluding parts of the Brief exempted by Fed. R. App. P. 32 (a)(7)(B)(iii).

2. This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because of this Brief has been prepared in a proportionately spaced typeface using Microsoft Office Word 2013 in Times New Roman, Font size 14.

Dated: May 12, 2020

/s/ JOHN P. MCGOVERN

John P. McGovern, Esq.

## CERTIFICATION OF NO VIRUS

I, John P. McGovern, Esquire, hereby certify that the electronic copy of this Brief was scanned for viruses using Avast Antivirus and that no viruses were found.

Dated: May 12, 2020

<u>/s/ JOHN P. MCGOVERN</u>

John P. McGovern, Esq.

## CERTIFICATION OF IDENTICAL COMPLIANCE

I, John P. McGovern, Esquire, hereby certify that this Brief is identical to the version submitted electronically on April 15, 2020.

Dated: May 12, 2020

/s/ JOHN P. MCGOVERN

John P. McGovern, Esq.

## CERTIFICATION OF SERVICE

I, John P. McGovern, Esquire, an attorney, hereby certify that on April 15, 2020, I caused the foregoing Brief of Appellant Reinaldo Rodriguez to be electronically filed with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the CM/EFC system, which also caused a copy of the foregoing to be delivered by electronic means to the parties listed below. I further certify that I have caused seven (7) copies of Appellant's Brief to be transmitted to the Court via UPS overnight delivery, and one copy of Appellant's Brief to be served upon the parties listed below via UPS overnight delivery.

Mark E. Coyne
Chief, Appeals Division
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
(973)-645-2791

Dated: May 12, 2020

/s/ JOHN P. MCGOVERN

John P. McGovern, Esq.